[Criminal No. 321.   Filed October 10, 1912.]

[127 Pac. 716.]

## REMEGIUS FINDLEY, Appellant, v. STATE OF ARI-ZONA, Respondent.

OBSTRUCTING JUSTICE — RESISTING "PUBLIC OFFICER"—DEPUTY TOWN MARSHAL.—Since the legislature has not provided for the office of deputy town marshal or delegated to towns the power to create such office, the deputy town marshal of an unincorporated town was not a "public officer" within Penal Code of 1901, section 143, making it a criminal offense to resist a public officer.

APPEAL from a judgment of the Superior Court of the County of Yuma.   Frank Baxter, Judge.   Reversed.

The facts are stated in the opinion.

Mrs. Mary A. Wupperman and Moses Wupperman & Wupperman, of Counsel, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Fred L. Ingraham, County Attorney, for Respondent.

ROSS, J.—The appellant was indicted upon the charge of resisting a "public officer" (we omit the formal part of the indictment), to wit, "a deputy town marshal of the town of Yuma, in said county of Yuma, and territory of Arizona, and ex-officio peace officer of said county, and being then and there

engaged in the lawful discharge and attempt to discharge his duty as such public officer,'' etc.

The defendant demurred to the indictment, among other grounds, that it failed to state facts sufficient to constitute a public offense. This demurrer was overruled. We think the demurrer should have been sustained. The indictment was drawn under paragraph 143, Penal Code. The pleader in his indictment recognizes the essential fact that the person resisted must have been at the time a public officer, and accordingly alleges that he was a deputy town marshal of the town of Yuma. If there was no such office as deputy town marshal of Yuma, it follows that there was no such officer as deputy town marshal of Yuma. Paragraph 546 (section 1) of chapter 9, title 2, Revised Statutes, reads as follows: ''In addition to the common council, the officers of every town shall be a town clerk, town marshal and supervisor of streets.'' Even if the common council of the town of Yuma possessed the power to create the office of deputy town marshal, no evidence was introduced of any ordinance or resolution of theirs creating such office. However that may be, the officers of an incorporated town are only such as the law provides for, or authorizes the common council to create. The legislature has not provided for the office of deputy town marshal of incorporated towns, nor delegated the power to create such office to the common council. It follows, therefore, that a deputy town marshal of the town of Yuma is not a public officer as described in paragraph 143, *supra*. There is no such office and no such officer. Although this point is strenuously pressed by appellant, the attorney general in his brief has failed to cite us any authorities holding contrary to the views herein expressed.

The judgment is reversed, and the case remanded to the superior court of Yuma county, with directions that the demurrer be sustained, the indictment dismissed, and the defendant discharged from custody.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

---

NOTE.—As to what constitutes the offense of resisting an officer, see note in 17 Ann. Cas. 401.